### MAGEE et al. v. PAUL et al. (No. 343.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1920. Rehearing Denied Nov. 10, 1920.)

Appeal and error ⊜⇒931(6)—Trial court presumed not to have considered incompetent portion of evidence.

Where affidavit offered and admitted in evidence as an entirety was in part competent and in part incompetent, it will be presumed on appeal in support of the judgment that the trial court, trying case without a jury, did not consider the incompetent portion thereof.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Conforming to answers to certified questions by Supreme Court. Judgment below affirmed.

For Supreme Court's opinion, see 221 S. W. 254.

Wm. J. Berne, of Ft. Worth, and W. F. Schenck, of Lubbock, for appellants.

W. H. Bledsoe, of Lubbock, and Madden, Trulove & Kimbrough, of Amarillo, for appellees.

HALL, J. This case is before us for final determination, upon the record and the answers of the Supreme Court to certain certified questions. The issues involved and the facts are fully set out in the original and supplemental opinions and the dissenting opinion, as reported in 159 S. W. 325, and the statement accompanying the certified questions, as set out in the opinion of the Supreme Court, reported in 221 S. W. 254. We adopt and refer to the statements as therein contained for the purposes of this opinion. By the answers of the Supreme Court, made to the certified questions, the affidavits of Stephen Albert, W. E. Perry, J. L. A. Thomas, the express agent and the publisher of the notice mentioned in the opinions, are all held to be admissible. Only that portion of the affidavits in which the affiant, W. E. Perry, deposed that he was the owner of certificate No. 16, is held by the Supreme Court to have been properly excluded. We will presume, in support of the judgment of the trial court, that this testimony was not considered, and as the evidence, which the Supreme Court declares was admissible, was in the opinion of the trial judge sufficient upon which to base his judgment, we find the facts to be sufficient, and it will be affirmed.